IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-532-BO-RJ

| | |
|---|---|
| JERRY DEAN SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| WILLIAM C. COOPER, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on defendant's motion to dismiss for improper service. [DE 11]. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the following reasons, the motion to dismiss is denied without prejudice.

## BACKGROUND

On December 12, 2019, defendant, a probation officer, went to visit the home of a new probationer he had never met. [DE 1, ¶ 18]. The probationer rented her residence from plaintiff and lived down the driveway behind plaintiff's house. [DE 1, ¶ 42]. Defendant arrived at plaintiff's house and spoke with plaintiff's wife, who directed him to the probationer's address. *Id.* Plaintiff, not having heard this discussion, emerged in his wheelchair with a gun and yelled, instructing defendant to leave. [DE 1, ¶ 46]. Defendant fired nine shots, hitting plaintiff once in the calf. [DE 1, ¶ 48, 49, 51].

On March 24, 2022, plaintiff filed a complaint alleging constitutional violations based on 42 U.S.C. § 1983, under the case number 5:22-CV-113-M. On September 15, 2023, that case was voluntarily dismissed without prejudice, triggering a one-year statute of limitations for him to re-file. N.C. Gen. Stat. 1A-1 Rule 41; *Warren v. Snowshoe LTC Grp., LLC.*, 293 N.C. App. 174

(2024). Plaintiff filed a Tort Claim alleging negligence from the same operative facts with the North Carolina Industrial Commission under the case number TA-29995. Plaintiff re-filed his 42 U.S.C. § 1983 case on September 16, 2024, the very last day of his one-year window.

Plaintiff filed a proposed summons as an attachment to DE 3. However, the docket thereafter reflects a notice to counsel: "No summons provided for issuance or Waiver of Service filed. Please file summons using the 'Notice-other' event." At DE 5, plaintiff filed the same proposed summons, identical to the first, except this time including the case number. The summons never issued. Defendant moved to dismiss for lack of personal jurisdiction, insufficient process and service of process, and failure to state a claim upon which relief can be granted. [DE 7]. No response was filed and the time to respond has elapsed. At DE 10, plaintiff's counsel filed an affidavit of service indicating he had served defendant by certified mail at defendant's workplace. Defendant again moved to dismiss based on insufficient process and service of process. [DE 11]. Plaintiff responded untimely [DE 13], and defendant replied [DE 14].

ANALYSIS

Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Because the summons never issued, there is no question that the process which plaintiff caused to be delivered was insufficient. "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c). "A summons must . . . be signed by the clerk; and bear the court's seal." Fed. R. Civ. P. 4(a)(1). Because the summons was not signed by the clerk, this process was defective, and more than ninety days have elapsed since the complaint was filed.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff has shown good cause for the failure: because the summons never issued, it was impossible to serve sufficient process. Therefore, despite plaintiff's failure to effect proper service on the defendant, this Court grants plaintiff an extension of time to serve.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss [DE 7]; [DE 11] are DENIED WITHOUT PREJUDICE. Plaintiff is DIRECTED to file a new proposed summons for issuance by the clerk and to effect proper service on defendant within fourteen days of the entry of this order.

SO ORDERED, this **29** day of September 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3